UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 FEB 13 PM 3: 26

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| WALDEN LOCAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19- CV-27 |
| | ) | |
| SUZANNE CHICKERING, ARTHUR | ) | |
| CHICKERING, and JEFFREY NICHOLS | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff Walden Local, Inc., by its attorneys, Gravel & Shea PC, hereby complains of

Defendants and alleges as follows:

### Nature of Action

1. This is a case asserting fraud, breach of contract, breach of the covenant of good

faith and fair dealing, civil conspiracy, and unjust enrichment. Defendants worked together to

defraud Plaintiff by falsifying slaughterhouse weights to benefit Defendants at Plaintiff's

expense. Plaintiff seeks a declaratory judgment, compensatory and exemplary damages, and the

award of costs, including but not limited to attorneys' fees.

### Parties

2. Plaintiff is a Delaware corporation with a principal place of business in

Massachusetts. Plaintiff sells locally-sourced meat and fish to consumers.

3. Defendant Suzanne Chickering is a farmer who is in the business of selling beef

cows, hogs and other farm products. She is a citizen of the State of New Hampshire.

4.     Defendant Arthur Chickering is a citizen of the State of New Hampshire. He is the father of Suzanne Chickering and her agent.

5.     Vermont Packinghouse, LLC ("VPH") is a Vermont slaughter and packing house.

6.     Defendant Jeffrey Nichols ("Defendant Nichols") was at all times relevant to this action an employee of VPH.  Defendant Nichols is a citizen of the State of Vermont and was an agent for Defendant Suzanne Chickering.

### Jurisdiction and Venue

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     This Court has personal jurisdiction over the non-resident parties because all non-resident Defendants have each availed themselves of the forum by regularly transporting animals to and conducting business in the State of Vermont.

9.     Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events complained of occurred in Vermont.

### Facts

10.     Plaintiff is a purveyor of locally-sourced grass-fed beef and pasture-raised pork, lamb, and poultry to consumers.

11.     Plaintiff contracts with farmers in New England and New York to source the products it sells and pays third parties such as VPH to process its meats.

12.     Defendant Suzanne Chickering is a farmer in New Hampshire who raises and sells beef cattle, hogs and other livestock.

13.     Plaintiff entered into agreements in 2017 and 2018 with Defendant Suzanne Chickering for her to sell beef cows and pork to Plaintiff at an agreed upon per-pound price.

14.     At all times relevant to this action, Defendant Arthur Chickering regularly transported Defendant Suzanne Chickering's livestock to VPH for slaughter and processing.

15.     At VPH, employees weighed animals upon arrival. This weight is known as the "live weight."

16.     VPH employees weighed the animals again after slaughter and dressing and before cutting. This weight is known as the "hang weight".

17.     Defendant Nichols started his employment with VPH in 2017.

18.     Defendant Nichols' primary job at all times relevant to this action was to slaughter livestock at VPH as a lead cutter on what is known the kill floor.

19.     It was the job of another employee of VPH to weigh the animals and record the hang weights in a log book.

20.     After the employee responsible for weighing and recording the hang weight of the Chickering animals recorded the information, Defendant Nichols changed the handwritten records to reflect amounts greater than the actual weights shown on the scale.

21.     Defendant Nichols also increased the recorded live weights of the Chickering animals in the VPH log book to correspond with the amended hang weights.

22.     Defendant Arthur Chickering bribed Defendant Nichols to increase the hang weights of the Chickering animals in the log book.

23.     Defendant Nichols bribed other employees at VPH to conceal his actions.

24.     Defendant Suzanne Chickering knew that Defendant Arthur Chickering was bribing Defendant Nichols to falsify the weight records to reflect weights that were higher than actual weights of the animals that she was delivering to VPH.

25.     In information and belief, the owners of VPH were not aware of the fraudulent actions of Defendants Suzanne Chickering, Arthur Chickering and Jeffery Nichols.

26.     Defendant Suzanne Chickering invoiced Plaintiff for each load of livestock based on the hang weights recorded in the log book that Defendant Nichols had falsified.

27.     VPH invoiced Plaintiff for processing each load of livestock based on the hang weights recorded in the log book that Defendant Nichols had falsified.

28.     On or about November 8, 2018, VPH discovered that Defendant Nichols was falsifying its books and records to show increased weights.

29.     Upon learning of the falsifications, VPH contacted Plaintiff to inform it of their discovery.

30.     After completing its internal investigation, VPH terminated Defendant Nichols' employment.

31.     The changes made by Defendant Nichols to the weights in the log book resulted in Plaintiff paying for more meat than it actually received from Suzanne Chickering.

32.     The changes made by Defendant Nichols to the weights in the log book resulted in Plaintiff paying VPH for processing more meat than Plaintiff actually received.

33.     The weights that Defendant Nichols fraudulently increased resulted in an overpayment by Plaintiff of at least $173,976 to Suzanne Chickering for the meat itself and $49,492 to VPH for the processing of the meat in 2017 and 2018.

34.     Plaintiff timely paid all Defendant Chickering's invoices presented to it until the fraud was revealed.

35.     After the fraud was revealed, Plaintiff held and did not pay one hog and three beef invoices totaling $127,981 for Chickering meat processed prior to Defendant Nichols' termination from VPH's employment.

36.     Plaintiff paid all Chickering invoices for meat processed after VPH terminated Defendant Nichols on the belief that the fraudulent activity had thereafter ceased.

37.     Due to the fraudulent invoices delivered to and paid by Plaintiff in 2017 and 2018, Plaintiff has already overpaid Defendant Suzanne Chickering more than that sum of held and unpaid Chickering invoices

38.     Plaintiff does not owe payments to Defendant Suzanne Chickering for the outstanding invoices.

39.     Defendant Suzanne Chickering is liable to Plaintiff for its overpayments made to her and for all the damages that followed, including compensatory damages, exemplary damages, costs and attorneys' fees, all of which far exceed the amounts held back by Plaintiff.

## COUNT I
## Breach of Contract – Defendant Suzanne Chickering

40.     Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

41.     Suzanne Chickering executed contracts ("the Contracts") with Plaintiff whereby Plaintiff would buy a certain number of finished beef cattle and hogs per month under certain conditions and a certain price per hanging weight pound.

42.     The Contracts are valid and enforceable.

43.     By failing to deliver to Plaintiff the quantities of meat for which Plaintiff paid,

Defendant Suzanne Chickering breached the Contracts between them.

44.     Plaintiff has suffered damages as a result of Defendant's breach.

## COUNT II
### Breach of Good Faith and Fair Dealing – Defendant Suzanne Chickering

45.     Plaintiff repeats and reasserts each of the foregoing allegations as though fully set

forth herein.

46.     All contracts include by law an implied covenant of good faith and fair dealing.

47.     The actions of Defendant Suzanne Chickering set out in this Compliant breached

the covenant of good faith and fair dealing that was inherent in the Contracts.

48.     Plaintiff has suffered damages as a result of Defendant's breach.

## COUNT III
### Fraud – Defendants Suzanne Chickering,
### Arthur Chickering and Jeffrey Nichols

49.     Plaintiff repeats and reasserts each of the foregoing allegations as though fully set

forth herein.

50.     Defendants Suzanne Chickering, Arthur Chickering and Jeffrey Nichols, by

misreporting the amount of meat actually sold, misrepresented an existing fact that affected the

essence of the transaction with Plaintiff.

51.     The misrepresented fact, that is, the amount of meat actually delivered to Plaintiff,

was material to the transaction.

52.     Defendants Suzanne Chickering, Arthur Chickering and Jeffrey Nichols knew of

the misrepresentation.

53.     Defendant Arthur Chickering intentionally caused the misrepresentation to occur by bribing Defendant Nichols to alter the amount of meat reported.

54.     Defendant Nichols intentionally caused the misrepresentation to occur by falsifying VPH's live and hang weight records.

55.     Defendant Suzanne Chickering overcharged Plaintiff based on the data Defendant Arthur Chickering paid Defendant Nichols to alter.

56.     Plaintiff has suffered damages as a result of Defendants' fraudulent actions.

COUNT IV
Conspiracy – Defendants Suzanne Chickering,
Arthur Chickering and Jeffrey Nichols

57.     Civil conspiracy requires that two or more persons effect an illegal purpose, either by legal or illegal means, or to effect a legal purpose by illegal means causing damage to the plaintiff by something unlawful done in furtherance of the agreement.

58.     Defendant Arthur Chickering paid Defendant Nichols to falsify the weight records to reflect higher than the animals' actual weights.

59.     Defendant Nichols falsified the weight records in exchange for payments from Defendant Arthur Chickering.

60.     Defendant Arthur Chickering and Defendant Nichols together effected a false amendment to the record of the live and hang weights of the meat being sold to Plaintiff.

61.     Suzanne Chickering knew that Defendant Nichols falsified the weight records in exchange for payments from Defendant Arthur Chickering.

62.     Defendants Suzanne Chickering, Arthur Chickering and Nichols conspired to effect a false amendment to the record of the live and hang weights of the meat being sold to Plaintiff.

63.     The Defendants conspired to and did defraud Plaintiff.

64.     Plaintiffs were damaged by the results of Defendants' actions to further the
conspiracy.

## COUNT V
### Unjust Enrichment – Defendant Suzanne Chickering

65.     Pursuant to the doctrine of unjust enrichment, a party who receives a benefit must
return the benefit if retention would be inequitable.

66.     Unjust enrichment applies where in light of the totality of the circumstances,
equity and good conscience demand that the benefitted party return that which was given.

67.     Plaintiff paid Defendant Suzanne Chickering for more meat than she delivered to
Plaintiff as a result of the conspiracy in which she participated with Defendant Arthur Chickering
and Defendant Nichols to falsify the weight records of the animals sold to Plaintiff by Defendant
Suzanne Chickering.

68.     In light of the totality of the circumstances, equity and good conscience demands
that Defendants Suzanne Chickering return the amounts that they received as a result of the
fraud.

## COUNT VI
### Compensatory Damages

69.     The actions of Defendants as set out in this Complaint proximately caused
Plaintiff damages.

## COUNT VII
### Punitive Damages

70.     Defendants engaged in wrongful conduct toward the Plaintiff and in so doing
acted with bad motive, personal ill, personal spite, hatred and reckless disregard for the Plaintiff.

71.     Defendants acted with evident insult and oppression towards Plaintiff and engaged in actions against it having the character of outrage frequently associated with a crime and engaged in actual crimes.

72.     Defendants' actions were reprehensible, egregious and patently outrageous.

## COUNT VIII
Declaratory Judgment

73.     Plaintiff repeats the foregoing allegations as though fully set forth herein.

74.     Pursuant to the fraud described herein, Plaintiff paid to Defendant Suzanne Chickering for more meat than it received.

75.     Defendant Suzanne Chickering refuses to acknowledge that Plaintiff has overpaid.

76.     There exists an actual controversy between the parties over their rights, status and/or legal obligations.

77.     Pursuant to 28 U.S.C § 2201, Plaintiff is entitled to a judgment against Suzanne Chickering declaring that it does not owe the amounts invoiced by Suzanne Chickering.

## Claims for Relief

WHEREFORE, Plaintiff prays that judgment be entered in its favor for the following relief:

1.     Compensatory damages in an amount exceeding $75,000, the minimum jurisdictional amount of this court;

2.     Exemplary damages;

3.     Declaratory judgment that Plaintiff does not owe payment on the Chickering invoices currently unpaid;

4.     An award of costs, including attorneys' fees; and

5.    Such other and further legal and equitable relief as this Court deems just and

proper.

## JURY DEMAND

**Plaintiff demands trial by jury of all issues so triable.**

Dated:      Burlington, Vermont
            February 13, 2019

Cassandra LaRae-Perez, Esq.
Jerome F. O'Neill, Esq.
Celeste E. Laramie, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
claraeperez@gravelshea.com
For Plaintiff