UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


WALDEN LOCAL, INC.                       :
                                         :
                                         :
          Plaintiff,                     :
                                         :
                                         :
          v.                             :   Case No. 2:19-cv-00027
                                         :
                                         :
SUZANNE CHICKERING,                      :
ARTHUR CHICKERING                        :
AND JEFFREY NICHOLS                      :
                                         :
                                         :
          Defendants.                    :

## OPINION AND ORDER: DEFENDANT JEFFREY NICHOLS' MOTION TO DISMISS

(ECF 52)

Plaintiff Walden Local, Inc. brings suit against Defendants for breach of contract, "bad faith," fraud, conspiracy, and unjust enrichment. Plaintiff brings claims against Defendant Jeffrey Nichols for fraud and civil conspiracy. Defendant Nichols now files this motion to dismiss the claims made against him for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

For the reasons discussed below, Defendant's motion to dismiss is **granted** in part and **denied** in part.

## FACTUAL BACKGROUND

Plaintiff Walden Local, Inc. is a company selling locally-sourced meat and fish to consumers. **ECF 1 at 2.** Walden Local

contracts with farmers in New England and New York to source its meat. **ECF 1 at 2.** It also hires third parties to process the meat products. **ECF 1 at 2.**

In 2017 and 2018, Plaintiff entered a contract with Defendant Suzanne Chickering, a New Hampshire-based farmer who raises and sells beef cattle, hogs, and other livestock. **ECF 1 at 3.** Suzanne Chickering's livestock is regularly slaughtered and processed at Vermont Packinghouse, LLC (VPH). **ECF 1 at 3.** According to the agreement, Chickering was to sell beef cows and pork to Plaintiff at a set per-pound price. **ECF 1 at 3.** Defendant Arthur Chickering regularly transported Defendant Suzanne Chickering's livestock to VPH for slaughter and processing at the times relevant to this action. **ECF 1 at 3.** Defendant Nichols was employed at VPH starting in 2017; his primary job was to slaughter livestock as a lead cutter on the kill floor. **ECF 1 at 3.**

Plaintiff alleges that Defendant Arthur Chickering bribed Defendant Nichols to increase the hang weights of the Chickering animals in the VPH log book, and that Defendant Suzanne Chickering knew about these bribes. **ECF 1 at 3.** Plaintiff further alleges that, after another VPH employee weighed and recorded the hang weight of the Chickering animals, Nichols changed the records to increase the hang weight amounts, as well as the corresponding recorded live weights. **ECF 1 at 3.**

2

Defendant Suzanne Chickering invoiced Plaintiff for each load of livestock based on the hang weights recorded in the log book that Defendant Nichols had allegedly falsified. **ECF 1 at 4.** On or about November 8, 2018, VPH discovered that Nichols had been falsifying records to show increased weights. **ECF 1 at 4.** After completing an internal investigation, VPH terminated Nichols' employment. **ECF 1 at 4.** Plaintiff alleges that the alleged fraud led to an overpayment of at least $173,976 to Suzanne Chickering and $49,492 to VPH. **ECF 1 at 4.**

<u>**STANDARD OF REVIEW**</u>

On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

<u>**DISCUSSION**</u>

I.   Plaintiff's Fraud Claims under Fed. R. Civ. P. 12(b)(6)
     and 9(b)

Defendant Nichols submits that Plaintiff has failed to
state a claim against him under Fed. R. Civ. P. 12(b)(6).
Specifically, he argues that Plaintiff's allegations fall short
of meeting Fed. R. Civ. P. 9(b)'s particularity requirement, as
the Complaint "fails to allege any specific facts of the who,
what, when, and where and how of even a single transaction that
it claims as fraudulent." **ECF 52 at 2.** Defendant Nichols'
contention lacks merit.

First, Defendant Nichols' motion to dismiss is timely
pursuant to Fed. R. Civ. P. 15(a)(3)(d). Rule 15(a)(3)(d) allows
courts discretion to alter deadlines to respond to pleadings. In
this case, the Court had previously ordered that all motions be
submitted by the summary judgment motion deadline of February
12, 2020. Defendant Nichols abided by this deadline. Therefore,
the Court will address his arguments.

Rule 9(b) requires that, "in all averments of fraud or
mistake, the circumstances constituting fraud or mistake shall
be stated with particularity." Fed. R. Civ. P. 9(b).
Rule 9(b) thus requires that a complaint (1) specify the actions
that the plaintiff contends to be fraudulent; (2) identify the
fraudulent actor; (3) state where and when the fraudulent
activity occurred; and (4) explain why the actions were
fraudulent. *Wood ex rel. U.S. v. Applied Research Associates,*

4

*Inc.,* 328 Fed. Appx. 744, 747 (2d Cir. 2009). "The heightened pleading standard of Rule 9(b) applies to state common law claims where those claims are premised on a defendant's underlying fraudulent conduct[.]" *U.S. ex rel. Kester v. Novartis Pharm. Corp.,* 23 F.Supp.3d 242, 269 (S.D.N.Y. 2014). Rule 9(b)'s requirements seek to give a defendant fair notice of the plaintiff's claim. *ASTI Commc'nc, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d Cir. 2007).

In the case at bar, Plaintiff's Complaint delineates Defendant Nichols' actions with sufficient particularity to give him fair notice of the claims; as such, it meets Fed. R. Civ. P. 9(b)'s requirements. Indeed, Plaintiff has made allegations of fraud based on Nichols' employment activities throughout 2017 and 2018. The allegedly fraudulent bookkeeping is physically recorded in written VPH records, and resulted in a discovery, investigation, and termination by VPH beginning on November 8, 2018. These pleaded facts provide the Defendant with a specified understanding of the alleged fraudulent action.

Defendant Nichols contends that Plaintiff's Complaint should have provided an itemized list of each allegedly fraudulent bookkeeping item line, with details regarding the animal, price, amount, dates, and payments. However, in light of the fact that the fraud allegedly occurred over a span of two years and multiple transactions, such detail would be unduly

burdensome at the pleading stage with little corresponding
benefit; Defendant Nichols has sufficient notice of the actions
animating this Complaint with the information provided. As such,
Defendant's motion to dismiss is denied as to Plaintiff's fraud
claim.

    II.   <u>Mootness of Counts I, II, V, and VI.</u>

    Defendant Nichols further avers that Counts I, II, V, and
VI of Plaintiff's Complaint should be denied as moot because
both Suzanne Chickering and Arthur Chickering have been
dismissed from this case, and the allegations of those Counts do
not concern Nichols' conduct. Defendant Nichols prevails on this
argument.

    "Under Article III of the Constitution, federal courts may
adjudicate only actual, ongoing cases or controversies." *Lewis
v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). To
determine whether a controversy has become moot, the Court must
determine "whether the facts alleged, under all the
circumstances, show that there is a substantial controversy,
between parties having adverse legal interests, of sufficient
immediacy and reality to warrant [judicial relief]." *Christopher
P. by Norma P. v. Marcus,* 915 F.2d 794, 802 (2d Cir.1990), *cert.
denied,* 498 U.S. 1123, 111 (1991).

    Here, Counts I, II, V, and VI of Plaintiff's Complaint do
not implicate any alleged activity conducted by Defendant

Nichols. As such, Plaintiff has not alleged any ongoing controversy, as the actors who were implicated in those claims have been dismissed from this case. As such, these Counts are dismissed as moot.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss is **granted** in part and **denied** in part.

DATED at Burlington, in the District of Vermont, this 6th day of May, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge