```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT


WALDEN LOCAL, INC.                  :
                                    :
                                    :
      Plaintiff,                    :
                                    :
                                    :
      v.                            :   Case No. 2:19-cv-00027
                                    :
                                    :
SUZANNE CHICKERING,                 :
ARTHUR CHICKERING                   :
AND JEFFREY NICHOLS                 :
                                    :
                                    :
      Defendants.                   :
```

## OPINION AND ORDER: DEFENDANT JEFFREY NICHOLS' MOTION FOR STAY AND TO MODIFY CURRENT PRE-TRIAL ORDER

(ECF 56)

Plaintiff Walden Local, Inc. brings suit against Defendants for breach of contract, "bad faith," fraud, conspiracy, and unjust enrichment. Plaintiff brings claims against Defendant Jeffrey Nichols for fraud and civil conspiracy. Defendant Nichols now files this motion to modify the current pre-trial order and stay proceedings pending resolution of the criminal action currently pending against him in state court.

For the reasons discussed below, Defendant's motion for stay is **granted.**

## FACTUAL BACKGROUND

1

Plaintiff Walden Local, Inc. is a company selling locally-sourced meat and fish to consumers. **ECF 1 at 2.** Walden Local contracts with farmers in New England and New York to source its meat. **ECF 1 at 2.** It also hires third parties to process the meat products. **ECF 1 at 2.**

In 2017 and 2018, Plaintiff entered a contract with Defendant Suzanne Chickering, a New Hampshire-based farmer who raises and sells beef cattle, hogs, and other livestock. **ECF 1 at 3.** Suzanne Chickering's livestock is regularly slaughtered and processed at Vermont Packinghouse, LLC (VPH). **ECF 1 at 3.** According to the agreement, Chickering was to sell beef cows and pork to Plaintiff at a set per-pound price. **ECF 1 at 3.** Defendant Arthur Chickering regularly transported Defendant Suzanne Chickering's livestock to VPH for slaughter and processing at the times relevant to this action. **ECF 1 at 3.** Defendant Nichols was employed at VPH starting in 2017; his primary job was to slaughter livestock as a lead cutter on the kill floor. **ECF 1 at 3.**

Plaintiff alleges that Defendant Arthur Chickering bribed Defendant Nichols to increase the hang weights of the Chickering animals in the VPH log book, and that Defendant Suzanne Chickering knew about these bribes. **ECF 1 at 3.** Plaintiff further alleges that, after another VPH employee weighed and recorded the hang weight of the Chickering animals, Nichols

changed the records to increase the hang weight amounts, as well as the corresponding recorded live weights. **ECF 1 at 3.** Defendant Suzanne Chickering invoiced Plaintiff for each load of livestock based on the hang weights recorded in the log book that Defendant Nichols had allegedly falsified. **ECF 1 at 4.** On or about November 8, 2018, VPH discovered that Nichols had been falsifying records to show increased weights. **ECF 1 at 4.** After completing an internal investigation, VPH terminated Nichols' employment. **ECF 1 at 4.** Plaintiff alleges that the alleged fraud led to an overpayment of at least $173,976 to Suzanne Chickering and $49,492 to VPH. **ECF 1 at 4.**

On January 21, 2020, Defendant Nichols was arraigned by the Windsor Criminal Court on one count of a felony charge based on the subject matter of this suit. **ECF 56 at 2.** He has been advised by his attorney that he cannot answer any questions in this case without waiving his Fifth Amendment privilege against self-incrimination in the criminal case. **ECF 56 at 2.** Additionally, this Court has previously dismissed all of Plaintiff's claims against Arthur and Suzanne Chickering with prejudice. **ECF 47, 51.**

## DISCUSSION

Defendant Nichols seeks a stay of this case until the resolution of his criminal case concerning the same alleged underlying activities. In particular, he cites concerns that

offering information in the instant case could jeopardize his Fifth Amendment right against self-incrimination in the criminal matter. The Court grants his motion.

In evaluating the appropriateness of staying a civil action while a parallel criminal action is pending, district courts typically consider the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (cited in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)).

Although this balancing test is not a "mechanical device[] for churning out correct results," it may serve as a "rough guide for the district court as it exercises its discretion." *Louis Vuitton*, 676 F.3d at 99. Ultimately, the court must engage in a "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.*

Here, the factors listed above favor the imposition of a stay. Defendant Nichols' criminal case overlaps completely with the instant civil case, as both arise out of the same alleged activities during his employment at VPH. Although a stay will cause a delay, Defendant's Fifth Amendment concerns merit significant weight. *Jenkins v. Miller*, No. 2:12-cv-184, 2015 WL 13505321 1 (D. Vt. April 6, 2015). Moreover, the parallel criminal case is already underway, suggesting that the ensuing delay would be minimized. Finally, while Plaintiff's interest lies in the swift adjudication of this matter, a resolution of the criminal case would ultimately enhance the efficacy of the instant civil case in matters of discovery and argument. For these reasons, Defendant's motion for stay is **granted.**

## CONCLUSION

For the aforementioned reasons, Defendant's motion for stay is **granted.**

DATED at Burlington, in the District of Vermont, this 6th day of May, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge

5